UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| BDG GOTHAM RESIDENTIAL, LLC, et al.,<br><br>           Plaintiffs,<br><br>    -against-<br><br>WESTERN WATERPROOFING COMPANY, INC., et al.,<br><br>        Defendants. | 19-CV-6386 (CM) (BCM)<br><br>**ORDER** |

**BARBARA MOSES, United States Magistrate Judge.**

In paragraph 4 of its Deferred Prosecution Agreement (DPA) with the New York County District Attorney's Office (DANY), defendant Western Waterproofing Company (Western Waterproofing) "acknowledge[d] and accept[ed] responsibility for . . . the matters set forth in the [annexed] Statement of Facts" (SOF). In paragraph 7, it "accept[ed] responsibility for the conduct set forth in the Statement of Facts[.]" In paragraph 18, DANY and Western Waterproofing stated that the DPA "does not confer or provide any benefits, privileges or rights to any individual or other entity other than the parties hereto," and that nothing in the DPA or the SOF "shall be construed as acknowledging that the [DPA], and the evidence underlying the [DPA], shall be admissible in any proceeding other than a proceeding brought by DANY."

The SOF itself consists primarily of unadorned statements of fact. In the introductory paragraph, Western Waterproofing agreed that those facts "are true." Certain statements within the SOF are prefaced with the phrase, "DANY's investigation has determined that . . . ." As to those statements, Western Waterproofing agreed in the DPA to "rel[y] on the investigative determinations made by [the] DANY to which Western [Waterproofing] lacks direct knowledge." In exchange for its cooperation in the DANY's criminal investigation, its acceptance of responsibility, its remediation efforts, and the admissions made in the SOF,

Western Waterproofing obtained the DPA, and as a result avoided criminal prosecution with respect to the same events now at issue in this action.

The parties have agreed that they will enter into a standalone stipulation, for use in this action, which sets forth the facts to which Western Waterproofing admitted in the SOF (with the exception of certain details regarding the injured construction workers, which the parties have agreed to exclude as unduly prejudicial), but does not refer to the DPA itself or to the underlying criminal investigation. Joint Ltr. dated Aug. 1, 2022 (Dkt. 116) at 1. They disagree, however, as to whether Western Waterproofing "admitted" to the matters, set forth in the DPA, as to which it "lack[ed] direct knowledge" but "relie[d] on the investigative determinations made by the DANY." *Id.* at 1-3.[1] They also disagree as to whether certain statements in the SOF which are *not* prefaced with the phrase, "DANY's investigation has determined that . . . ," should nonetheless be construed as if they were so prefaced.

As discussed during today's telephonic conference, the Court cannot order Western Waterproofing to *stipulate* to the facts described in the SOF as having been (or believed by Western Waterproofing to have been) "determined" by DANY's investigation, on which the defendant "relied" in the absence of "direct knowledge." In the event, however, that Western Waterproofing declines to stipulate to relevant facts set forth in the SOF (with or without the prefatory language), the Court must determine whether and for what purposes the underlying documents – *i.e.*, the SOF and/or the DPA to which it is appended – are admissible, either as

---

[1] In *In re: Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 9165341, at *1-2 (S.D.N.Y. Dec. 16, 2015), Judge Furman held that a Statement of Facts entered into by GM to avoid a criminal trial or conviction concerning defective ignition switches in certain automobiles was "indisputably a statement by New GM," containing "admissions" relevant to the follow-on civil litigation concerning the defective ignition switches, and therefore admissible in the civil case pursuant to Fed. R. Evid. 801(d)(2)(A). In the General Motors DPA, however, GM explicitly admitted and stipulated to all of "the facts set forth in the Statement of Facts," Joint Ltr. Ex. 1 (Dkt. 116-1) ¶ 2, without any qualifying language. Similarly, the General Motors SOF consisted entirely of unadorned statements of fact without any prefatory language. *Id.* at ECF pp. 26-46.

direct evidence of the facts stated therein or as impeachment in the event Western Waterproofing attempts in this action to dispute matters to which it agreed for purposes of the DPA. That determination (if not also resolved by stipulation) must ultimately be made by the District Judge at the time of trial. During discovery, however, the undersigned Magistrate Judge, to whom this action was referred for general pretrial management, will permit plaintiffs to use those underlying documents (for example, at deposition) for any purpose otherwise within the scope of Fed. R. Civ. P. 26(b)(1).

It is hereby ORDERED that, no later than **August 12, 2022**, the parties shall file their standalone stipulation of facts for the Court's review.

Dated:  New York, New York  
   August 5, 2022

**SO ORDERED**.

_____

**BARBARA MOSES**  
**United States Magistrate Judge**