UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BDG GOTHAM RESIDENTIAL, LLC, et al.,

        Plaintiffs,

  -against-

WESTERN WATERPROOFING COMPANY, INC., et al.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/16/2023

19-CV-6386 (CM) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The deadline for plaintiffs BDG Gotham Residential, LLC (BDG) and ZDG, LLC (ZDG) to disclose their expert evidence, including the identities and written reports of experts, was June 30, 2023. *See* Second Rev. Joint Case Mgmt. Order (Dkt. 159) ¶ 2(a). Defendants' expert reports were due July 31, 2023, and plaintiffs' rebuttal reports, if any, were due August 31, 2023. *Id.*

    Plaintiffs served their "primary" (and, to date, only) expert report early, on May 12, 2023. Thereafter, by unanimous consent of all parties, the deadline for defendants to serve their expert reports was extended twice – ultimately to August 11, 2023 – and the deadline for plaintiffs to serve their rebuttal reports was extended to September 15, 2023. *See* Third Rev. Joint Case Mgmt. Order (Dkt. 162) ¶ 2(a); Fourth Rev. Joint Case Mgmt. Order (Dkt. 168) ¶ 2(a).

    On August 4, 2023 – less than a week before defendants' expert reports were due – BDG and ZDG advised the Court that they were "contemplat[ing] two additional expert reports," and moved without the consent of any other parties for a retroactive extension of their own affirmative expert report deadline to September 8, 2023. *See* Pl. Ltr. (Dkt. 171) at 1-2. The two reports under contemplation are "an accounting 'audit' of the supporting backup for Plaintiff BDG's damage calculations, and a crane expert report relating to the permit requirements and usage of the mini-crane involved in the accident." *Id.* at 2. Plaintiffs explain that the need for additional expert evidence as to these issues grew out of the ongoing fact discovery in this action, together with

developments in a related criminal trial, including the trial testimony of Gideon Kipperman and Kevin Hartney as to the procurement and operation of the mini-crane. *Id.*[1] Defendants will not be prejudiced, according to defendants, because (as of August 4) their expert reports were "not yet due," and in any event their deadlines could also be adjusted. *Id.*

On August 7, 2023, defendants Western Waterproofing Company, Inc. and Western Surety Company submitted a letter (Def. Ltr.) (Dkt. 172) opposing plaintiffs' request. Defendants attach a copy of plaintiffs' May 12, 2023 expert report, prepared by Joseph W. Wallwork, which is 101 pages long and analyzes plaintiffs' damages resulting from defendants' jobsite delay. *See* Wallwork Rep. (Dkt. 172-1) at 4 ("Scope of Work"). Defendants argue that plaintiffs' motion is untimely, noting that they confirmed, as late as June 29, 2023, that the Wallwork Report was "their final report," and consequently did not ask for any extension of their expert disclosure deadline when the parties stipulated to what became the Fourth Revised Joint Case Management Order. Def. Ltr. at 2. Moreover, defendants point out, both Kipperman and Hartney are ZDG witnesses, and it was ZDG – not defendants – who delayed the Hartney deposition. *Id.* at 4.

Defendants further argue that they would be prejudiced by the requested extension, because – with their own reports due in just a few days – they had already "expended hundreds of hours and incurred substantial fees having their expert prepare a rebuttal to Mr. Wallwork's delay and damages report," such that "[a]lowing Plaintiffs to serve an entirely new damages report would render Defendants' effort to date moot." Def. Ltr. at 3.[2] Lastly, defendants argue that plaintiffs' motion improperly seeks an opportunity to shore up the Wallwork Report (which, according to

---

[1] Kipperman's civil deposition "was not taken until July 14[.]" Pl. Ltr. at 2. Hartney's civil deposition was scheduled for August 10, 2023. *Id.* Plaintiffs argue that "the testimony of these witnesses will need to be reviewed by Plaintiff's crane expert." *Id.*

[2] The Court presumes that defendants served their expert reports on August 11, 2023, as scheduled.

2

defendants, is weak) with expert testimony from "a second [expert] witness on the same topic," *id.* at 3, which is impermissible.

Plaintiffs did not submit any reply letter.

Plaintiffs' application is DENIED for substantially the reasons set forth in defendants' opposition letter. Plaintiffs have failed to show that they acted diligently, *either* to prepare all of their desired expert reports before their extended deadline of June 30, 2023, *or* to seek an extension promptly upon determining that the Wallwork Report was insufficient for their needs. *See In re Bernard L. Madoff Inv. Sec.*, 2023 WL 4744195, at *2 n.9 (S.D.N.Y. July 25, 2023) ("To modify a discovery schedule, a party must show 'good cause' and 'that the relevant deadline could not reasonably be met despite that party's diligence.'") (quoting *In re Orange Boat Sales*, 239 B.R. 471, 474 (S.D.N.Y. 1999)); *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 WL 3467756, at *2 (S.D.N.Y. Oct. 28, 2009) ("The party must show that, despite its having exercised diligence, the applicable deadline [set by the court's scheduling order] could not reasonably have been met.") Clearly plaintiffs knew before June 30, 2023, that the permitting and usage of the mini-crane would be a significant issue in this action. They also knew that Kipperman and Hartney had not yet testified at deposition in this action, and that Hartney's criminal trial testimony was "ongoing." Pl. Ltr. at 2. Yet they waited until August 4, 2023 – a week before defendants' expert reports were due – to make the pending request, thus prejudicing defendants, who prepared their own expert reports under the wholly justified belief that plaintiff's only expert evidence was the Wallwork Report. Plaintiffs have thus failed to show "good cause," as required as required by Fed. R. Civ. P. 16(b)(4), for the modification they seek.

To the extent that plaintiffs also seek supplement their existing expert damages report (with an "audit" of their own "supporting backup" as to damages, *see* Pl. Ltr. at 2), they have failed to

3

show good cause for the additional reason that a party is generally not permitted to "shore up" an initial expert report with a second report on the same subject. "[E]xperts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2021 WL 4810266, at *22 (S.D.N.Y. Sept. 30, 2021) (quoting *Sandata Techs., Inc. v. Infocrossing, Inc.*, 2007 WL 4157163, at *6 (S.D.N.Y. Nov. 16, 2007)); *see also Member Servs. v. Sec. Mut. Life Ins. Co.*, 2010 WL 3907489, at *27 (excluding testimony of second expert witness regarding the parties' respective computer programs because, *inter alia*, there was "substantial overlap" between reports of first and second experts and "there is no reasonable basis to allow a second expert to testify about the same things"); *Sandata Techs.*, 2007 WL 4157163, at *6 (excluding proposed "second supplemental" report prepared by testifying expert in "an attempt to improve upon the prior reports"); *Price v. Fox Ent. Grp., Inc.*, 499 F. Supp. 2d 382, 390 (S.D.N.Y. 2007) (refusing to allow two experts to testify on the same subject matter).

    The Court notes that plaintiffs have until September 15, 2023, to serve their rebuttal expert reports. *See* Fourth Rev. Joint Case Mgmt. Order ¶ 2(a). If their new expert evidence "contradict[s] or rebut[s] expert evidence on the same subject matter disclosed by defendants," *id.*, plaintiffs may disclose that evidence on September 15, and – if it is otherwise admissible – may rely on it thereafter. I will not, however, "adjust" the pretrial schedule as plaintiffs request to permit them to serve additional affirmative expert reports out of time, thereby restarting the expert cycle, prolonging expert discovery, and potentially requiring defendants' experts to redo or modify the reports that they have already prepared.

5

The Clerk of Court is respectfully directed to close the motion at Dkt. 171.

Dated: New York, New York  
       August 16, 2023

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**