UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————x

WESTERN WATERPROOFING COMPANY, INC.
d/b/a WESTERN SPECIALTY CONTRACTORS,

          Plaintiff,

    -against-

ALLIED WORLD SPECIALTY INSURANCE
COMPANY, BDG GOTHAM RESIDENTIAL
LLC AND ZDG, LLC,

          Defendants.

—————————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/29/24

20 Civ. 3199 (CM)(BCM)

19 Civ. 6386 (CM)(BCM)

ORDER

McMahon, J.:

On or about February 12, 2024, a stipulation of voluntary dismissal with prejudice, ostensibly pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), was filed by and between Defendants-Counterclaim Plaintiffs BDG Gotham Residential LLC and ZDG, LLC and Plaintiff-Counterclaim Defendant Western Waterproofing Company, Inc., (Dkt. #434). The stipulation indicates that it is filed in connection with a settlement among these parties that was reached on or about February 9, 2024.[1] The court does not have a copy of any Settlement Agreement, but because the court has already dismissed the counterclaims that BDG and ZDG filed against Western in this action (Dkt #410), the settlement necessarily relates to the claims asserted by Western against BDG and ZDG in this lawsuit, which Western proposes to dismiss with prejudice.

The court was not asked to approve the settlement or even to sign off on the stipulation of voluntary dismissal. No such sign off is needed, per Fed. R. Civ. P. 41(a), as long as the stipulation is signed "by all parties who have appeared." However, the stipulation with which I was presented was not signed "by all parties who have appeared." In particular, it was not signed by the only remaining insurer defendant in this insurance coverage lawsuit, Defendant Allied World Specialty Insurance Company (Allied Specialty). And on February 13, 2024 – the very next day after the stipulation of voluntary dismissal was filed – Allied filed a letter with the court

---

[1] The parties attempted to file the stipulation of voluntary dismissal three days earlier, on February 9, but the Clerk's Office rejected the filing as deficient. Dkt. #433.

objecting to the dismissal of BDG and ZDG, because Allied believed to be necessary parties to this coverage lawsuit.

I called the parties' attention to a recent decision of mine dealing with the ability of a non-party to a settlement/voluntary dismissal to object to that settlement/voluntary dismissal. *In re: New York City Policing During Summer 2020 Demonstrations,* 2024 WL 476367 (S.D.N.Y. February 7, 2024) and asked for their views on Allied's request in light of that decision. I have now received two letters from each side, setting forth Western's and Allied's views on what if anything I can/should do. Western asks that I simply sign off on the stipulation and allow it to dismiss its claims against BDG and ZDG; Allied insists that any dismissal of those claims should be subject to conditions. The matter has now become sufficiently complicated so that it should have been the subject of a motion – not a series of letters containing incomplete pieces of the information needed to make a decision.

I can, however, make one ruling today. This is not a situation in which the three settling parties can obtain the partial dismissal of this lawsuit, which is what they seek, without court approval. It is, rather, a partial dismissal governed by Fed. R. Civ. P. 41(a)(2) – notwithstanding any efforts by the settling parties to characterize it otherwise. I thus direct the Clerk of Court to reject the stipulation at Dkt #434 as improperly filed. If the settling parties wish to file a stipulation of discontinuance they must do so pursuant to Rule 41(a)(2) – and that stipulation will only become effective when signed by the court.

Fed. R. Civ. P. 41(a)(1)(A) describes the two situations when a plaintiff may voluntarily dismiss claims without a court order.

The first is when a notice of dismissal is filed before the opposing party files either an answer or a motion for summary judgment. Western has not availed itself of this option, nor could it – every remaining party to this case has a motion for summary judgment currently pending.

The second is when the court is presented with a stipulation of dismissal "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). This is what Western, BDG and ZDG purport to have done – they filed a stipulation of voluntary dismissal signed by all three of the parties thereto.

The problem is that Western, BDG and ZDG are not "all parties who have appeared" in this lawsuit. The last remaining defendant of the original defendants in this lawsuit is Allied Specialty. It has "appeared" in this lawsuit. It filed an answer to the claims asserted against it in the original complaint (which can be found at Dkt. #17), and its counsel simultaneously filed notices of appearance (Dkts. # 21 and 25). Allied did not, however, sign the stipulation of dismissal. Therefore, the claims asserted by Western against BDG and ZDG cannot be dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). *See Grossman v. Loc. 1118 of the Commc'n Workers of Am., AFL-CIO,* No. 1:05CV395(FJS/DRH), 2006 WL 1911746, at *2 (N.D.N.Y. July 10, 2006), *aff'd sub nom. Grossman v. Loc. 1118 of Commc'n Workers of Am.*, 232 F. App'x 70 (2d Cir. 2007); *see also City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.,* 82 F.4th 1031, 1038 (11th Cir. 2023) ("Looking to the text of Rule 41(a)(1)(A)(ii), there is simply no language that

qualifies the clause 'all parties who appeared.' The lack of any words restricting the subsection's scope suggests that a broad reading—one covering all parties in a lawsuit—is warranted.") Partial dismissal can only be effected pursuant to Fed. R. Civ. P. 41(a)(2).

Now, Fed. R. Civ. P. 41(a)(2) does not give a stranger to a settlement the power to object to the settlement, or authorize the court to approve the terms of that settlement. *In re: New York City Policing*, supra., 2024 WL 476367 at *6. However, it does allow the court to impose "terms that the court considers proper" in order to ensure that Allied – which is not party to the stipulation of partial dismissal – will suffer no prejudice from that partial dismissal. *Id.*, at *7.

The claims that Western has asserted against ZDG and BDG – which is to say, the claims that Western now seeks to dismiss voluntarily – are asserted in the Amended Complaint, in which BDG and ZDG were added as defendants in this lawsuit because Allied protested that they were necessary parties. (Dkt. #37). Those claims (Counts VII and VIII of the Amended Answer) alleged that BDG and ZDG breached their obligations (i) to cover Western under a Builder's Risk "all risk" policy (i.e., the Allied policy), and (ii) to waive claims against each other to the extent covered by that policy. BDG and ZDG allegedly breached these obligations both by failing to pursue their own claims for coverage against Allied (despite having filed a notice of loss with Allied) and by instead bringing something known as the Delay Damages lawsuit in the New York State Supreme Court.

In January 2024, Western filed a motion for summary judgment against Allied, seeking a declaration that the policy covered the damages it was seeking from Allied in this lawsuit. Allied filed its own motion for summary judgment at more or less the same time, seeking a declaration that Western lacked standing to pursue any claims under the Allied Builder's Risk policy – that only BDG had standing to pursue such claims -- and/or that the claims asserted by Western were not covered by the policy. And BDG and ZDG – whose counterclaims against Western had been dismissed by the court in November 2023 (Dkt #404) – moved for summary judgment dismissing Western's breach of contract claims against them.

In other words, everyone is seeking summary judgment disposing of its claims against everyone else.

Allied asks the court to condition approval of the stipulation of settlement on what it calls a "curative condition" in light of its pending motion for summary judgment. I gather that Allied believes it will suffer legal prejudice in connection with that motion (which is brought only against Western, as Allied has asserted no cross claims against BDG and ZDG) unless BDG and ZDG are bound by the court's ruling on the pending motion for summary judgment.

Frankly, figuring out whether dismissal of Western's claims for breach of contract against BDG and ZDG would affect Allied's ability to argue that its policy does not cover the Delay Damages claims – or Western's ability to argue that the policy does cover those damages – is, like every other issue in this coverage case, complicated. I am not prepared to tackle that question without having before me a properly briefed motion seeking the imposition of conditions on the court's approval of the stipulation of voluntary dismissal. I will not try to figure it out on the basis of a couple of very short letters that do not discuss the parties' claims or their

interrelationship.[2] I note also that Western has called the court's attention to some sort of standstill or tolling agreement among Allied, ZDG and BGD – I do not have a copy of that agreement and I have no idea how it plays into any of this, though I am sure that it does. And it strikes me that all of this should be done in the context of deciding the summary judgment motions – something that is not at the top of my To Do list this week.

So I limit this ruling on the letter applications to one requiring Western, ZDG and BDG to refile their stipulation of discontinuance under the correct rule – Rule 41(a)(2). Then, if Allied wants me to condition approval of that stipulation on the imposition of conditions, it needs to make a proper motion, explaining in detail exactly how the dismissal of Western's claims against ZDG and BDG would prejudice it. If Allied is arguing that it will be prejudiced by having to litigate the coverage issue twice it should make that argument clearly.

This constitutes the court's ruling on the letter motion made at Dkt. #437. It is without prejudice to a further motion by Allied.

Dated: February 29, 2024

Cille M. Mal

U.S.D.J.

BY ECF TO ALL COUNSEL

---

[2] The letters do not even identify the nature of the parties' claims. The court has had to return to the record to figure it out.