NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN



*FIRM and AFFILIATE OFFICES*

JOHN S. WOJAK, JR.
DIRECT DIAL: +1 212 692 1001
PERSONAL FAX: +1 212 401 4732
E-MAIL: jwojak@duanemorris.com

www.duanemorris.com



BOCA RATON
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO

October 10, 2024

> Application GRANTED. In light of the scheduling issues disclosed by counsel, the parties should plan for a trial to commence April 7 or April 14, 2025. **SO ORDERED.**
>
> Barbara Moses
> **Barbara Moses**
> **United States Magistrate Judge**
> **October 11, 2024**

**VIA ECF**

Honorable Barbara Moses
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

      **Re:**   *BDG Gotham Residential, LLC and ZDG, LLC v. Western Waterproofing Company, Inc. d/b/a Western Specialty Contractors and Western Surety Company;* **Case No. 19-cv-06386 (CM)(BCM) [rel. 20-cv-03199]**

Dear Judge Moses:

      This firm represents Plaintiff BDG Gotham Residential, LLC ("BDG") in the context of the above-captioned litigation. We write on behalf of BDG and co-Plaintiff ZDG, LLC ("ZDG") (collectively, "Plaintiffs") and with the consent of Defendants Western Waterproofing Company, Inc. d/b/a Western Specialty Contractors and Western Surety Company ("Defendants") to jointly request a thirty (30) day extension of the October 30, 2024 deadline for the submission of a Joint Pretrial Order established by the Court in its September 30, 2024, Opinion and Order (Dkt. No. 216) resolving the motions for summary judgment.

      The parties agree that they need additional time to prepare the Joint Pretrial Order, which requires them to confer regarding, and prepare, among other things (i) a list of all proposed trial exhibits with objections, (ii) proposed deposition testimony designations and counter-designations, and (iii) a stipulated set of facts, in order to facilitate and streamline the trial. In light of prior work commitments of counsel and their expert witnesses and the time necessary to compile and confer regarding these submissions, counsel for all parties agree that they would be unable to meet the Court's deadline of October 30 with a Joint Pretrial Order that would effectively fulfill the purpose of such Order. The parties were previously able to work together to compile and prepare an extensive Joint Stipulation of Material Facts and Exhibits for the purposes of the recent summary judgment motions, and believe that they will be able to prepare a Joint Pretrial Order of

DuaneMorris

Honorable Barbara Moses
October 10, 2024
Page 2

similar usefulness for trial with the additional time requested. Additionally, considering the approximately twenty depositions that were conducted (several for more than one session), additional time is required to prepare and confer regarding transcript designations and counter-designations.

Moreover, the requested extension of time will in no way impact or delay the potential trial date for this case. The Court has asked the parties to provide their availability for trial during the first quarter of 2025. Due to prior schedule commitments, Counsel for Defendants are not available in January, counsel for BDG will be actively engaged on a lengthy trial scheduled to commence immediately following the New Year and lasting an estimated six to eight weeks, and counsel for ZDG is unavailable between February 13 and February 25. Accordingly, since trial most likely will not commence any earlier than sometime in late March, the parties respectfully do not believe that the requested extension of the filing date for the Joint Pretrial Order to November 30 will delay the trial of this case.

In service of full disclosure, Plaintiffs also may move for reconsideration with respect to portions of the Court's September 30, 2024, Order; to be clear, the requested extension is unrelated to any contemplated motion for reconsideration. Additionally, the parties are discussing re-engaging with their previous mediator to resume settlement discussions, although additional formal sessions are not anticipated.

Respectfully submitted,

*John S. Wojak, Jr.*
John S. Wojak, Jr.

DM1\15784897.2